IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Victor Costellos Penny, #316219, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No.: 2:15-cv-4817-PMD-MGB |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner Victor Penny's objections to United States Magistrate Judge Mary Gordon Baker's report and recommendation ("R & R") (ECF Nos. 29 & 20.). Magistrate Judge Baker recommends the Court grant Respondent Joseph McFadden's motion for summary judgment (ECF No. 12), deny Penny's motion for declaratory judgment (ECF No. 17), and dismiss this federal habeas case. For the reasons stated herein, the Court overrules Penny's objections and disposes of the case in the manner Magistrate Judge Baker recommends.

**STANDARD OF REVIEW**

The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of

the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

McFadden has moved for summary judgment, and Penny's declaratory-judgment motion is in essence one for summary judgment. To grant summary judgment, the Court must find "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the no-nmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991).

In applying these standards, the Court is mindful that *pro se* filings are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and that federal district courts are charged with liberally construing *pro se* filings to allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

## DISCUSSION

Penny spends the bulk of his objections either rehashing the arguments he has previously presented and baldly disagreeing with Magistrate Judge Baker's conclusions. The Court summarily overrules those objections, as they are not proper. *See, e.g.*, *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotation

marks omitted)). Two objections, however, warrant some discussion. The Court addresses them *seriatim*.

First, Penny argues Magistrate Judge Baker failed to address his contention that he did not intelligently plead guilty. The Court disagrees. A guilty plea is valid when the defendant enters it voluntarily, knowingly, and intelligently. *See Boykin v. Alabama*, 395 U.S. 238, 242–43 (1969). The knowledge and intelligence requirements mean that the defendant has "'a full understanding of the charges against him and the possible consequences of his plea.'" *Meyer v. Branker*, 506 F.3d 358, 366 (4th Cir. 2007) (quoting *Brady v. United States*, 397 U.S. 742, 749 n.6 (1970)). After reciting these rules in her R & R, Magistrate Judge Baker found that Penny's "guilty plea colloquy indicates he had a full understanding of the charges against him as well as the consequences of his plea." (R & R, ECF No. 20, at 13.) Thus, Magistrate Judge Baker did address Penny's argument about the intelligence requirement. The Court agrees with her assessment that the record shows Penny pled guilty intelligently. Thus, the Court overrules Penny's objection.

Second, Penny asserts that during the PCR proceedings, both his plea counsel and the state intentionally misrepresented facts to the PCR court. The Court agrees with McFadden that those assertions are not properly before this Court. *See Fowler v. McKie*, No. 0:15-cv-1718-TMC-PJG, 2016 WL 2731974, at *12 (D.S.C. Apr. 18, 2016), *report and recommendation adopted*, 2016 WL 2647678 (D.S.C. May 10, 2016). Thus, the Court overrules Penny's objection.

Having carefully reviewed the record and the remaining portions of the R & R, the Court sees no clear errors Magistrate Judge Baker's analysis. The Court therefore adopts the R & R as its own opinion.

3

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Penny's motion for declaratory judgment is **DENIED**, that McFadden's motion for summary judgment is **GRANTED**, and that Penny's § 2254 application is **DENIED** with prejudice.[1]

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**February 28, 2017**
**Charleston, South Carolina**

---

1. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. Penny has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).